811 A.2d 935

IN THE MATTER OF RICHARD DREYER, II, AND
JAMES HAMMOND, FIREFIGHTERS.

Superior Court of New Jersey
Appellate Division

Argued December 3, 2002—Decided December 19, 2002.

Before Judges STERN, COBURN and ALLEY.

*Michael M. DiCicco* argued the cause for petitioners-appellants *Richard Dreyer, II,* and *James Hammond* (*Bathgate, Wegner & Wolf,* attorneys; *Mr. DiCicco,* on the brief).

*Jeffrey S. Leonard* argued the cause for defendant-respondent *City of Asbury Park (Genova, Burns* and *Vernoia,* attorneys; *Karen A. Murray,* of counsel and on the brief; *Thomas M. Toman, Jr.,* on the brief).

*David Samson,* Attorney General, attorney for respondent *Merit System Board (Andrea R. Grundfest,* Deputy Attorney General, filed a statement in lieu of brief).

*Pasquale Menna* appeared on behalf of defendant-respondent *Garrett M. Giberson* and relied on Asbury Park's brief.

The opinion of the court was delivered by

COBURN, J.A.D.

This case concerns the appointment of firefighters to a paid fire department in a municipality that also has a volunteer fire company or force. Statutory preferences for appointment to the paid department are granted to members of such a municipality's volunteer fire company. The question to be resolved is the precise nature of the preferences.

The case comes to us on appeal from a determination of the Merit System Board ("Board"). Our task is to review the Board's interpretation of the applicable legislation. Since we believe the Board's interpretation is plainly unreasonable, we reverse.

The dispute arose after a 1994 civil service examination for the appointment of paid firefighters in the City of Asbury Park. The individual parties all satisfy the statutory qualifications for appointment. Appellants, James Hammond and Richard Dreyer, II, who were not members of Asbury Park's volunteer fire company, placed substantially higher on the appointment list than Garrett M. Giberson, who had served as a volunteer firefighter in the city since 1991. All three were appointed, but Giberson, who placed thirty-fourth, was given seniority over Hammond and Dreyer, who placed third and fifth, respectively.

Although Hammond and Dreyer are only concerned with seniority, the importance of which is not denied by Asbury Park or the

Board, we recognize that our resolution of this case will also adversely affect the opportunity of volunteer firefighters to gain appointment to their municipality's paid fire companies. Our interpretation of the legislation, however, does not eliminate entirely a volunteer's advantage; rather, it enforces the preferences granted to volunteers by the Legislature in a manner consistent with the goals of our civil service laws and Article VII, § 1, ¶ 2 of the New Jersey Constitution.

The preferences, originally granted by *L.* 1938, *c.* 131, and later reworded without substantial change by *L.* 1971, *c.* 197, § 1, are now codified in *N.J.S.A.* 40A:14–42 through 14–45, which read as follows:

> In any municipality where there is a *volunteer fire company or force, maintained and controlled by the municipality,* having no paid fireman and thereafter a *paid position* therein is created or established by the governing body of said municipality, such position shall be filled by a member of the volunteer fire company or force who shall have served as an active fireman for at least 2 years next preceding said appointment or by an exempt fireman of the company or force. If no such member or exempt fireman is available for such appointment, the appointment may be made to any qualified person. Said appointee shall not be under 21 or over 40 years of age at the time of the appointment.
>
> [*N.J.S.A.* 40A:14–42 (emphasis added).]
>
> In any municipality where there is a *volunteer fire company or force, maintained and controlled by the municipality,* and the governing body of the municipality, by ordinance, shall provide for the establishment of a *paid fire department,* the appointments thereto shall be made from the members of the volunteer fire company or force who shall have served as active firemen for at least 2 years next preceding said appointment or from among the exempt firemen of the company or force. If no such member or exempt fireman is available for such appointment, any qualified person may be appointed thereto. Said appointees shall not be under 21 or over 40 years of age at the time of the appointment.
>
> [*N.J.S.A.* 40A:14–43 (emphasis added).]
>
> In any municipality where there is a *volunteer fire company or force, maintained and controlled by the municipality and a part-paid fire department* composed of both paid and volunteer firemen, any appointment to such *part-paid fire department* shall be made from the members of the volunteer fire company or force, who shall have served as active firemen for at least 2 years next preceding such appointment or from among the exempt firemen of the company or force. If no such member or exempt fireman is available for such appointment, any qualified person may be appointed thereto. Said appointees shall not be under 21 or over 40 years of age at the time of the appointment.
>
> [*N.J.S.A.* 40A:14–44 (emphasis added).]

> In any municipality where an examination is scheduled to determine appointments to the paid or part-paid fire department and force, any qualified fireman having served in the *volunteer fire company or force of the municipality* for at least 2 years next preceding such appointment shall be entitled, in addition to his earned rating, to *service credits of not less than 3 nor more than 10 points* as may be determined by the governing body of the municipality or the authority in charge. Said appointee shall be over 21 but not more than 40 years of age at the time of the appointment.
>
> Nothing herein contained shall establish a preference over a paid fireman temporarily dismissed or on leave of absence for reasons of economy, or the appointment of a paid fireman to a superior position at the time of promotion in said fire department or force.
>
> [*N.J.S.A.* 40A:14–45 (emphasis added).]

The only legislative history is a "Statement" for the 1938 law, which reads as follows:

> The purpose of this act is to provide for appointments to paid fire departments from the membership of volunteer fire companies in those municipalities in which volunteer fire companies or departments [are] in existence.
>
> [*Statement to L.1938, c. 131.*]

The first three sections provide the same preference to volunteer firefighters who are between twenty-one and forty years old: appointments to a paid position must be made from those members of their force who shall have served as active firefighters for at least two years before the date of appointment. We conclude that those sections govern appointments in non-civil service communities. The fourth section, *N.J.S.A.* 40A:14–45, governs appointments in civil service communities that have paid or part-paid fire departments and a volunteer force. Unlike the first three sections, which grant volunteers an absolute preference, it grants credits based on years of voluntary service.[1]

---

[1] The service credits are more specifically explained in *N.J.A.C.* 4A:4–2.15(g), which reads as follows:

> When a municipality has a volunteer fire company and paid positions are created, any volunteer firefighter who has actively served for at least two years is entitled to service credits in addition to his or her earned examination score. The highest possible score for examination performance shall be 90 percent to which the service credit shall be added. Service credits shall be not less than three nor more than 10, and shall be added only to a passing score. The service credit shall be calculated by adding one point to

All four sections address municipalities where a volunteer fire company or department exists and is supervised by the municipality. There is no difference in meaning between the phrase which appears in the first three sections "a volunteer fire company or force, maintained and controlled by the municipality" and the phrase in section 45, "the volunteer fire company or force of the municipality." The only substantial difference among the first three sections is that section 42 concerns appointment to a paid position by a municipality which previously had no paid positions in its fire company, while section 43 concerns appointments when a municipality creates or has a paid fire department, and section 44 concerns appointments when a municipality has a part-paid department.

The Board interpreted the legislation to mean that volunteer firefighters in a civil service community were always entitled to an absolute preference over non-volunteers who had placed higher on the civil service examination. In its view, the credits for years of service established by section 45 would only come in to play in distinguishing among volunteers who had applied for appointment on the paid force. The entirety of the Board's reasoning was this:

> Regarding appellants' contention that *N.J.S.A.* 40A:14–45 is the proper statute because an examination was administered, it is noted that there is nothing in the language of *N.J.S.A.* 40A:14–44 which would limit its operation in the case of an appointment to a part-paid fire department of a municipality meeting the requirements of the statute. The operative language of *N.J.S.A.* 40A:14–44 is unqualified and as such it pertains to: "*any* appointments to such part-paid fire department." Whereas *N.J.S.A.* 40A:14–45 applies generally to appointments to paid or part-paid fire departments or forces, *N.J.S.A.* 40A:14–44 applies more narrowly to appointments to part-paid fire departments of municipalities which have both volunteer fire companies and part-paid fire departments.

There is no evidence that the Board has previously been called on to interpret the relevant legislation on the point at issue. Consequently, we cannot be guided by the principle that in reviewing an agency's interpretation of its governing statutes

---

the number of years of service: for example, add three points for two years of service, four points for three years of service, and so on. Any service time in excess of nine years shall be awarded the 10 point maximum.

"resort may be had to long usage and practical interpretation . . . to explain a doubtful phrase or to illuminate any obscurity." *Lane v. Holderman,* 23 *N.J.* 304, 322, 129 *A.*2d 8 (1957). Although we generally defer to an administrative agency's interpretation of its governing legislation, deference stops when the interpretation is "plainly unreasonable." *Merin v. Maglaki,* 126 *N.J.* 430, 437, 599 *A.*2d 1256 (1992). Moreover, "[a]n appellate tribunal is . . . in no way bound by the agency's interpretation of a statute. . . ." *Mayflower Sec. v. Bureau of Sec.,* 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973).

Despite the Board's contrary suggestion, all four statutory sections unquestionably concern municipalities that have volunteer fire companies and paid positions to be filled. The only substantial difference among the first three sections, as noted above, is that section 42 deals with creation of a paid position on an otherwise voluntary force, while sections 43 and 44 address, respectively, appointments to paid and part-paid fire companies. While the first three sections express an unqualified preference, indeed mandate, for appointments from the voluntary force, the language of section 45 is no less unqualified; it requires that volunteers only get service credits "[i]n any municipality where an examination is scheduled. . . ." *N.J.S.A.* 40A:14–45. No one suggests that this is a reference to anything other than examinations conducted under the Civil Service Act, *N.J.S.A.* 11A:1–1 to 12–6.

Municipalities may choose whether they wish to be governed by the Civil Service Act. *N.J.S.A.* 11A:9–1 to –10. Section 45 plainly provides the methodology for giving preferences to volunteer firefighters among themselves and against non-volunteers in municipalities which have chosen that course. Sections 42 through 44, on the other hand, set the policy for non-civil service municipalities. Implicit in the Board's interpretation of section 45 is that its preferences are to be used solely for determining the rating of volunteer firefighters among themselves, but nothing in the wording of that section supports that view. Furthermore, if that had been the Legislature's intent one would expect that the credits for years served would have been made applicable to non-civil service

municipalities, and yet nothing in the language of the statute would justify that interpretation.

The Board's brief argues that our interpretation "would have the anomalous result of penalizing volunteer [firefighters] in all municipalities covered by the Civil Service Act." But that is not true. We have simply enforced the legislative determination that volunteers in non-civil service municipalities will have a mandatory advantage over non-volunteers, while in civil service municipalities their advantage will be limited to the service credits provided by law.

The Board's brief also suggests that no policy reason exists which would justify the distinction we draw. In our view the policy reason is expressed by the Civil Service Act, which declares that "the public policy of this State [is] to select and advance employees on the basis of their relative knowledge, skills and abilities." *N.J.S.A.* 11A:1–2(a). Moreover, although the legislation at issue was initially enacted in 1938, it was re-enacted in 1971 without substantial change. By then the people of this state had expressed their view on the importance and nature of civil service in the constitution:

> Appointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive; except that preferences in appointments by reason of active service in any branch of the military or naval forces of the United States in time of war may be provided by law.
>
> [N.J. Const., art. VII, § 1, ¶ 2.]

The parties have not briefed the question of whether the preferences authorized by the legislation under review run afoul of that provision of our constitution. Consequently, we deem it best to avoid comment. However, it seems obvious that our construction of the legislation, rather than the Board's, best serves the constitutional principles embraced by the people of this state because it maximizes the circumstances in which merit, fairly tested, will prevail.

Asbury Park concedes that the service credits to which Giberson is entitled under section 45 are insufficient to advance him over appellants. Therefore, we reverse and remand for entry of an administrative order directing that Hammond and Dreyer have seniority over Giberson in the Asbury Park Fire Department.

Reversed and remanded for further proceedings consistent with this opinion.